*508 Opinion of the Court by
Judge Owsley.
The plaintiff in error executed a bond conditioned for the delivery of various articles of property, to be sold by the sheriff of Madison county, under an execution in favor of White, and by virtue of which execution, the property had been seized by the sheriff, and by him restored to Chitty, &c. upon the execution of the bond.
The property not having been delivered according to the condition of the bond, the court, on motion by White, rendered judgment, in his favor for the penally of the bond, to he discharged by the payment of the amount of the principal, cost and interest, up to the date of the bond, mentioned in the execution under which tho property had been seized by the sheriff, together with interest upon those sums until they should be paid.
In thus entering judgment, the court most clearly erred. Instead of being for the penalty of the delivery bond, judgment is directed by the act upon that subject to be entered for She value of the pr *509 operty not delivered; end although where the value of the property exceeds the amount due upon the execution the defendant would have no right to plain of a judgment for the amount of the execution, yet in such a case, it would be more strictly .conformable to the letter and spirit of the act regulating delivery bonds, for the judgment to be entered for the amount of the value of the property not delivered, to be discharged by the payment of the amount due upon the execution and cost. But, according to the plain import of the act, judgment should, on no occasion, be. entered for a sum exceeding the value of the property, nor should the judgment ever subject the person .giving the bond to interest upon that value.
It must appear the party had notice, or appeared to the motion, on delivery bonds.
It must appear that the person who returns the notice served without an affidavit, is an officer.
Caperton for plaintiff; Turner for defendant.
These, remarks have, however, been made, not so much for the purpose of shewing the necessity of reversing the judgment of the court below in this case, as to suggest to that court the necessity of proper caution in entering judgment when the cause again comes before it. The judgment appears to have been entered without an appearance by either of the plaintiffs in error, and there is nothing in the record going to show that they were duly served with notice, to appear and defend the motion. There is contained in the record a notice which purports to have been served upon each of the plaintiffs in error, by a certain V. M. White, but there is nothing conducing to shew that this V. M. White is an officer of any sort. His return is, therefore, insufficient to authorize the judgment of the court.
The judgment must, consequently, he reversed with cost, and the cause remanded to the court below for further proceedings; but the plaintiffs in error need not be again served with notice.